

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TNS MEDIA RESEARCH, LLC (d/b/a KANTAR MEDIA AUDIENCES) and CAVENDISH SQUARE HOLDING B.V., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> TRA GLOBAL, INC. (d/b/a TRA, Inc.), <br><br> Defendant/Counterclaim Plaintiff. | CIVIL ACTION NO.: 11 CIV. 4039 (SAS) <br> **ECF CASE** <br><br>  |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, it will be necessary for each party to view information of the other or of one or more third parties that is properly deemed confidential, including trade secret or other confidential research, development, commercial, or financial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the ends of justice will be served by the entry of an order setting forth procedures for, and rules governing the discovery and use of such documents, information and other material deemed by the parties to constitute proprietary materials, trade secrets or other confidential information.

2412768.3

Now, THEREFORE, upon reconsideration of the record and proceedings herein, the stipulation of the parties, and pursuant to the provisions of Rule 26(c) Fed. R. Civ. P.,

IT IS ORDERED THAT the following procedures shall be employed and the following restrictions shall govern:

1. <u>Right to Designate Documents, Things and Information.</u> A party or non-party (a "Designating Party") may designate as CONFIDENTIAL, in whole or in part, any document, thing, or information that constitutes or contains, without limitation, nonpublic, confidential, proprietary, commercially sensitive, or trade secret information and that is to be disclosed or produced to a party (a "Discovering Party"). Any Designating Party shall have the right to designate as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY any material that constitutes or contains, without limitation, nonpublic and highly sensitive information or data concerning business, marketing or strategic plans, research and development activities, product design or manufacturing processes, samples or specimens of products or other materials that are not commercially available, confidential regulatory matters, financial matters (including but not limited to information concerning actual or projected revenues, costs, profits, sales and return on investment), or pending unpublished patent applications, knowledge of which by the Discovering Party or others would be competitively disadvantageous to the Designating Party.

2. <u>Definitions.</u> A used in this Order, the following definitions shall apply:

  a)  The term "Protected Material" shall apply to material designated as CONFIDENTIAL, or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Protected Material shall not include any information which a Discovering Party can demonstrate (a) was already legitimately in its possession without any restrictions as to confidentiality, (b) was or became generally known to the public through no fault of the

2

Discovering Party, (c) was or became known to one or more third parties without an obligation of confidentiality through no fault of the Discovering Party, or (d) was disclosed by the Designating Party to, or was obtained by the Discovering Party from, an unaffiliated third party who was not bound by an obligation of confidentiality.

b)   The term "document" shall include, without limitation, exhibits, documents and things, samples and specimens of products, answers to interrogatories, responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing, or anything else that would fall within the definition of documents or tangible things in Rule 34 of the Federal Rules of Civil Procedure.

3.   <u>Use of Protected Material.</u>   Unless permission is received in writing from a Designating Party, a Discovering Party may use Protected Material solely for the purpose of conducting this litigation, and not for any business or other purpose whatsoever, whether directly or indirectly.  Nothing contained in this Protective Order shall preclude a party from using or disseminating its own Protected Material.  Nothing contained in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this case, provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive Protected Material under paragraphs 5 and 6) the specific contents or the source of any Protected Material produced by the other party.

4.   <u>Designation of Confidentiality.</u>   The parties will use their reasonable efforts to designate as Protected Material only those documents and other materials that are in fact

CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Protected Material shall be designated within the meaning of this Protective Order in the following ways:

    a) Documents and things shall be designated as Protected Material by placing the appropriate legend CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY on each page of any document, or on the tag or container for any other item (including, for example, a computer disk, CD-ROM, or tape), that a Designating Party wishes to protect against unauthorized disclosure or use. To the extent a Discovering Party prints out material from computer disks, CD-ROMs, or tape designated as Protected Material, that party will immediately label the printout with the same confidentiality designation on the container of the disk, CD-ROM, or tape.

    b) Responses to interrogatories shall be designated as Protected Material by (1) placing on the cover of the set of responses to interrogatories a statement indicating that the set of responses contains Protected Material and (2) placing the appropriate legend CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY at the beginning of each interrogatory response that a Designating Party wishes to protect against unauthorized disclosure or use.

    c) The transcript of any deposition in this matter shall be presumptively treated on an interim basis as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Outside counsel for a party or, if the deponent is not a party, counsel for the deponent shall, within thirty (30) days of receipt of the written transcript, provide the other parties with a list, by page and line number, of those portions of the transcript to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. If such list is not so provided, the interim HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY designation shall be deemed to have lapsed and the transcript (but not the exhibits, if any) shall be deemed to contain no Protected Material. The Designating Party shall not simply designate an entire transcript as Protected Material, but shall make a good faith effort to identify Protected Material by page and line number. Testimony given at a deposition may also be so designated by an appropriate statement at the time of giving of the testimony. Use at deposition of a document previously designated as Protected Material shall have no effect on its designation.

   d) In lieu of marking the original of a document or other material prior to inspection, the Designating Party or its counsel may orally designate any document or other material being produced for inspection as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, thereby making it, and the information it contains, temporarily subject to this Order. However, each copy of such material subsequently delivered to inspecting counsel must be marked as required by this Order at the time it is delivered in order to make the document, and copies, subject to this Order.

  5. <u>Disclosure of Protected Material Designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.</u> Protected Material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall not be disclosed to anyone other than the following persons:

   a) Outside counsel of record for the parties, and all partners, associates and regular and temporary employees thereof who are performing legal services in connection with this action;

   b) Independent litigation support service personnel with whom outside counsel work in connection with this action;

   c) Court personnel, court reporters, videographers, translators, or interpreters engaged in proceedings incident to this action;

   d) Any person upon order of the Court or upon written consent of the party producing material designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY; and

   e) Upon compliance with and in accordance with the provisions of Paragraph 7 herein, any approved expert who (1) is engaged by counsel in this litigation, whether or not such expert is paid directly by a party, and (2) is not employed by a party hereto, and employees and assistants under the control of such an expert, whose advice and consultations are being or will be used only in connection with this action to the extent necessary to perform work on this litigation.

The designation of any document or thing as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall not preclude any party from showing the document or thing to (i) any person who appears as an author or addressee on the face of the document, or who has previously been provided with the document or all of the HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information therein, or (ii) any person employed at the time of such showing by the Designating Party unless such party makes timely objection to such showing.

  6. <u>Disclosure of Protected Material Designated CONFIDENTIAL.</u> Protected Material designated CONFIDENTIAL shall not be disclosed to anyone other than the following persons:

      a)    Any person identified under subparts (a) through (e) of Paragraph 5 hereof; and

      b)    Up to four (4) employees of the parties, who have a need to have access to Protected Material for the sole purpose of assisting in this lawsuit, and who prior to disclosure of any Protected Material shall sign an Agreement to Comply with Protective Order in the form attached hereto as Attachment A and be identified to all parties herein at least five (5) business days prior to such disclosure with the opportunity for objection as described in Paragraph 7 herein for approval of experts or employees. If, within five (5) business days of receiving such identification, a party objects to such disclosure, the disclosure shall not be made unless and until such objection is overcome or resolved by the parties or by the Court.

The designation of any document or thing as CONFIDENTIAL shall not preclude any party from showing the document or thing to (i) any person who appears as an author or addressee on the face of the document or who has previously been provided with the document or all of the information designated CONFIDENTIAL therein, or (ii) any person employed at the time of such showing by the Designating Party unless such party makes timely objection to such showing.

    7.    <u>Procedure for Approving an Expert or Employee for Disclosure of Protected Material.</u> Protected Material shall not be disclosed to any person described in Paragraphs 5(e)) or, 6(b) unless and until such person has been approved by complying with the requirements of this paragraph or by order of the Court. An expert or employee shall be deemed approved after (1) the person seeking approval has executed an Agreement to Comply with Protective Order in the form attached as Attachment A; (2) notice of the person's identity has been provided in

writing to all parties, as particularized below; (3) service on all parties has been made of a copy of the Agreement to Comply with Protective Order executed by the person; and (4) one of the following occurs: (i) written notice is provided that no party objects, (ii) all parties fail to object to the person seeking approval within the time permitted for serving said objection, or (iii) if objection is made, such objection is overcome or resolved by the parties or by the Court. Notice of the identity of a person seeking approval shall be accomplished by notifying outside counsel for all parties in writing of the person's name, address, place of employment and providing a current copy of the person's curriculum vitae. Notification of the identity of such person shall be by personal service upon or e-mail, facsimile, or overnight courier to outside counsel for each party. In the event that any party to this Action objects to the identified person's access to Protected Material, such party (the "Objecting Party") shall provide a written objection to the party proposing approval of the person within ten (10) business days after receipt by the Objecting Party of the notice. Such objection must be for good cause, stating with particularity the reasons for the objections. The parties reserve the right to object to any proposed expert or employee on any grounds, and nothing in this Protective Order shall preclude any such objection. Failure to make such an objection within ten (10) business days shall constitute approval of the person. If the parties are unable to resolve their objections, the party seeking to qualify the person may apply to the Court to resolve the matter. Upon the giving of notice of such an objection, no disclosure of Protected Material shall be made until the parties resolve the objection or a ruling is made by the Court.

       8.      <u>Inadvertent Failure to Designate.</u> A party's inadvertent failure to designate a document, thing or information as Protected Material shall not waive any such designation provided that the producing party notifies all recipients that such document, thing or information

is CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY material within ten (10) days of the producing party learning of the inadvertent failure to so designate. A recipient shall not be in breach of this order for any use of such document, thing or information before the recipient is given notice of the inadvertent failure to designate. Once a recipient has been given notice of the inadvertent failure to designate pursuant to this Paragraph 8, the recipient shall treat such document, thing or information as designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as the case may be, pursuant to the terms of this order. A party's failure to designate a document, thing or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY does not constitute forfeiture of a claim of confidentiality as to any other document, thing or information.

9. **Withdrawal of Designation.** A party who has designated information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may withdraw the designation by written notification to all parties in the case.

10. **Disclosure Not Authorized by Protective Order.** If Protected Material is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts to such disclosure to the attention of the other parties and make every effort to prevent further disclosure.

11. **Secure Storage.** All recipients of Protected Material shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use, and dissemination of such material. A person with custody of documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall maintain them in a manner that limits access to those persons entitled under the Protective Order to examine the documents so designated.

12. <u>Filing of Protected Material.</u>  Any pleading, paper, or other document filed in this action that contains or discloses Protected Material shall be designated as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY on the filings themselves, and filed under seal pursuant to the "Sealed Records Filing Instructions" set forth on the Court's website, and any applicable ECF or Local Rules.  This Order shall constitute authorization for filing under seal material designated as Protected Material pursuant to this Order.

13. <u>Use of Protected Material in Court.</u>  Protected Material may be offered in evidence at trial or any Court hearing.  Any party may seek to protect the disclosure of Protected Material at trial or at a hearing by securing an appropriate order from the Court prior to the trial or hearing.  A party intending to use Protected Material at a trial or hearing must give five (5) business days prior notice to all other parties and, if the Protected Material was designated as such by a third party, ten (10) business days prior notice to such third party.  Inclusion of the Protected Material as an exhibit in support of or in opposition to a motion to be argued at the hearing shall constitute such notice.

14. <u>No Waiver.</u>  Consent of a party to the entry of this Protective Order, or the failure of a party at the time it receives Protected Material to challenge or object to the confidentiality designation, shall not be deemed a waiver of its right to challenge or object to the confidentiality designation at any later time.

15. <u>Scope.</u>  The protections conferred by this Protective Order cover not only a document, thing or information governed by this order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

16. <u>Objections to Designations.</u> If a party disputes a Designating Party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such party (the "Objecting Party") shall notify the Designating Party in writing of the basis for the dispute, identifying the specific document(s), thing(s) or information as to which the designation is disputed and proposing a new designation for such materials. In response to the Objecting Party's objection, the Designating Party shall, in good faith, confirm the designation and provide the basis for the confirmation or shall change the designation. The Objecting Party and the Designating Party shall then meet and confer to attempt to resolve the dispute without involvement of the Court. If they cannot resolve the dispute, the proposed new designation shall be applied fourteen (14) days after notice of the dispute, unless within that fourteen day period the Designating Party files a motion with the Court to maintain its designation. If the Designating Party files a motion with the Court to maintain its designation within fourteen (14) days after notice of the dispute, the information shall remain subject to the Designating Party's CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation until the Court rules on the dispute. The Designating Party bears the burden of proving that the information is properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.

17. <u>Inadvertent Disclosure of Privileged Information.</u> Inadvertent disclosures of material protected by the attorney-client privilege, the work product doctrine or any other applicable privilege shall be handled in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). If a party inadvertently produces a document that it later discovers to be a privileged document (*i.e.*, a document covered by the attorney-client privilege, work product doctrine, common interest doctrine, or other applicable privilege), the

11

production of that document shall not constitute a waiver of any applicable privilege. In such circumstances, the producing party must notify the receiving party in writing of the inadvertent production immediately upon discovering that the document was inadvertently produced and request the return or confirmed destruction of the privileged materials. Within five (5) business days after receiving such notification, the receiving party shall immediately return or confirm destruction of all such materials, including any summaries thereof. Pursuant to Federal Rule of Evidence 502, the parties agree that the production of inadvertently produced, privileged documents shall not constitute a waiver of any applicable privilege in this action, and this Order incorporating the parties' agreement shall apply in all other federal and state proceedings and bind persons who are not parties to the agreement.

18. <u>Continuing Effect.</u> The confidentiality obligations of this Protective Order shall survive the termination of these proceedings (including any appeals) and continue to bind the parties. Participation by any third party in the execution and implementation of this Protective Order, as well as any action undertaken pursuant to its provisions, shall not be deemed to constitute a submission by such party to the jurisdiction or venue of this Court and shall not waive the right of any party to challenge the sufficiency of service of process, jurisdiction, or venue of the Court, provided, however, that the signatories to this Protective Order and anyone who signs an Agreement to Comply with Protective Order in the form attached as Attachment A agree to submit to the jurisdiction of this Court for the limited purpose of enforcing this Protective Order.

19. <u>Return of Materials.</u> Within thirty (30) days after the termination of these proceedings including any appeals related thereto, the parties shall meet and confer to discuss the disposition of the Protected Material. To the extent that Protected Material was provided to

experts or other persons pursuant to paragraph 5 or 6 above, within sixty (60) days after termination of these proceedings including any appeals related thereto, such persons shall furnish a written statement that all Protected Material was either returned to outside counsel or destroyed, as well as any notes, documents or other materials that contained Protected Material disclosed pursuant to this Protective Order. Notwithstanding the provisions of this paragraph, each party's counsel shall have the right to retain documents constituting work product, as well as copies of all pleadings, attachments to pleadings, deposition transcripts, deposition or trial exhibits, and expert reports, provided that they are maintained in a manner consistent with this Protective Order.

20.   Third Parties.  A copy of this Protective Order shall be furnished to each third party required to produce documents or otherwise to disclose information in response to discovery requests in this litigation.  Such third parties may avail themselves of the terms and conditions of this Protective Order.

21.   Preservation of Rights and Privileges.  This Protective Order is not intended to bar any objection to discovery based on the grounds of attorney-client privilege, work product, or any other type of objection under the Federal Rules of Civil Procedure.

22.   Retroactive Effect.  This Protective Order applies to all documents heretofore produced in this litigation.

Consented to and respectfully submitted by,

_____
Marc Rachman
mrachman@dglaw.com
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 10019
Phone: 212.468.4800
Fax: 212.468.4888

Michael Albert (admitted pro hac vice)
malbert@wolfgreenfield.com
Robert Abrahamsen (admitted pro hac vice)
rabrahamsen@wolfgreenfield.com
John Strand (admitted pro hac vice)
jstrand@wolfgreenfield.com
Charles Steenburg (admitted pro hac vice)
csteenburg@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Phone: 617.646.8000
Fax: 617.646.8646

**Attorneys for Plaintiffs/Counterclaim-Defendants TNS Media Research, LLC (d/b/a Kantar Media Audiences) and Cavendish Square Holding B.V.**

_____
Richard P. Doyle, Jr. (admitted pro hac vice)
JANSSEN DOYLE LLP
140 Brookwood Road, Suite 102
Orinda, California 94563
Telephone: (925) 295-1805
Facsimile: (925) 253-1071
Email: rdoyle@jd-law.com

Ira Brad Matetsky
GANFER & SHORE, LLP
360 Lexington Avenue, 14th Floor
New York, New York 10017
Phone: (212) 922-9250
Fax: (212) 922-9335
Email: imatetsky@ganfershore.com

**Attorneys for Defendant/Counterclaim-Plaintiff TRA Global, Inc.**

Submitted on: August 18, 2011

IT IS SO ORDERED

Dated this __19__ day of __August__, __2011__

_____
U.S.D.J.

## ATTACHMENT A

### AGREEMENT TO COMPLY WITH PROTECTIVE ORDER

The undersigned has read the foregoing Protective Order entered by this Court in Civil Action No: 11 CIV. 4039 (SAS), understands its contents and hereby undertakes and agrees to comply with its terms including, without limitation, those terms regarding the use of any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and any information contained therein as defined in the Protective Order.

The undersigned agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms and conditions of the Protective Order.

Dated: _____

Name (print): _____

Address: _____

_____

_____

Signature: _____