

A Registered Limited Liability Law Partnership
11620 Wilshire Blvd., 9th Floor
Los Angeles, California 90025
(310) 697-7200

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/18/16
```

April 18, 2016

**VIA Facsimile [(212) 805-7920]**
Honorable Shira A. Scheindlin
United States District Court for the Southern District of New York
500 Pearl Street, Room 1620
New York, New York 10007

*[Handwritten:]* TRA's request is GRANTED. Kantar is directed to make a motion regarding TRA's waiver of its damages claim once this case is transferred, if required.

SO ORDERED:
*[Signature]*
4/18/16  Shira A. Scheindlin USDJ

Re:   ***TNS v. TRA*, S.D.N.Y. 11 Civ. 4039 (SAS)**

Dear Judge Scheindlin:

We write on behalf of TRA to respond to Kantar's April 13 letter wherein Kantar seeks, yet again, to preclude TRA from recovering anything more than nominal damages. Kantar's present letter is at least its third serial attempt in the past month to deprive TRA of that which the Federal Circuit expressly held that TRA is entitled — the right to present its loss of valuation arguments to a jury. More troubling still, Kantar has made these serial attempts without following the most fundamental of federal court procedures — filing a noticed motion.

On March 8, Kantar wrote to the Court to "summarize a proposed pretrial motion." (March 8 Letter at 1.) On March 15, the Court held a status conference and denied Kantar's request for a preclusion Order. Although Kantar had not sought alternative relief, and without any motion or any briefing, the Court issued an Order *permitting* TRA to supplement its Rule 26 damages computation. The Court made it clear that it had ruled *for* TRA:

> MR. GOLDBERG: Okay. And with respect to the damages, the Second Circuit has said that it's well settled -- I'm sure your Honor is familiar -- it's well settled that the calculation of damages is the province of the jury.
> THE COURT: Why are you arguing? You already won the point.
> MR. GOLDBERG: That's fine, your Honor. I just want it to be understood what our view is is that it would be for the jury to do the calculation.
> THE COURT: Why are you doing this? I already agree with you. I said the thought that he would make a summary judgment is more than unlikely. It's just virtually out of the question. I said all that.
> MR. GOLDBERG: My concern, your Honor, and I don't want to belabor the point, is that there is not necessarily one answer as to how to calculate the damages.
> THE COURT: That's all true. That's why it's a jury question.

(March 15, 2016 status conference transcript ("Conf. Tr.") at 13:15-14:7.)

Hon. Shira A. Scheindlin
Page 2

On March 29, TRA timely submitted its supplemental Rule 26 computation of damages.[1] Less than 24 hours later, yet again ignoring its obligations to meet and confer, Kantar faxed a letter to the Court "regarding TRA's violation of this Court's order." In its letter, Kantar argued again for the nuclear option, that the "Court should preclude TRA from seeking damages under Rule 37." According to Kantar, even if TRA can prove that Kantar committed intentional torts against TRA that harmed TRA's value by tens of millions of dollars, TRA should not be able to recover more than $1 because TRA's supplementation supposedly was insufficient.

On April 4, TRA faxed a letter in response identifying the numerous procedural defects in Kantar's letter and highlighting numerous substantive reasons why Kantar's request should be denied. TRA also requested that the Court order Kantar to pay TRA's fees as required by Rule 37. Continuing its mockery of this Court's procedures, the very next day Kantar faxed yet another letter to the Court making additional arguments and further agreeing with itself that "TRA should now be precluded from seeking damages." (Kantar April 5 letter at 2.)

The same day, this Court issued an Order denying Kantar's request, although stating it would "reevaluate Kantar's arguments after the deposition of Mr. Chopra." Unfortunately, the Court did not address the many undisputed procedural violations by Kantar. This appears to have emboldened Kantar, which two days after Mr. Chopra's deposition faxed yet another letter seeking to extinguish TRA's loss of valuation damages.

Kantar's present letter suffers from similar procedural defects as its March 30 letter. Due to the seriousness of those procedural defects, and their effect of denying TRA its due process rights, TRA will again identify those defects, although in a more summary fashion. Kantar's present letter seeks a Court Order, which must be made by a motion. (*See* Fed. R. Civ. Proc. 7(b)(1) ("A request for a court order must be made by motion.").) Kantar's letter violates Rule 6(c), which requires, except for limited circumstances inapplicable here, that: "A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." Fed. R. Civ. P. 6(c). Kantar's letter violates Rule 7(b)(1)(B) which requires that the motion "state with particularity the grounds for seeking the order." While Kantar's motion cites to Rule 26 and Rules 701 and 702, those rules do not support the relief requested. To the extent Kantar's motion is based, at least in part, on Rule 37, Kantar needed to so state and comply with the procedural requirements of Rule 37. Under Rule 37 any motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1), (a)(3). Kantar did not do so.

Kantar's present letter is also well outside of the Court's discovery procedures, and is a

---

[1] Notably, before sending its March 8 letter to the Court, Kantar had never raised the Rule 26 issue with TRA, and TRA never resisted supplementing the computation of damages that it had provided prior to the appeal. Kantar's March 8 letter did not comply with this Court's Individual Rules, and in any event was not a "motion." Thus, no Order could have been entered against TRA at the status conference. Having continued to comply with its discovery obligations, TRA should not be deemed at risk of violating an Order that was never properly requested, especially one that was entered in TRA's favor.

Hon. Shira A. Scheindlin
Page 3

substantive motion akin to a motion for summary judgment. Kantar now cites heavily to Rules of Evidence 701 and 702, and asks the Court to address numerous evidentiary issues. As such, Kantar needed, at minimum, "to request a pre-motion conference before bringing any motion." Ind. Rule IV.A. Kantar made no such request, but instead jumped to seeking an Order. Kantar's approach circumvents the procedural safeguards that protect TRA's substantive rights.

For the above reasons, Kantar's request should be denied. Absent an outright denial, TRA hereby seeks further guidance from the Court. If the Court intends to treat Kantar's latest faxed letter as the motion the Court stated was "virtually out of the question" (Conf. Tr. at 14:1-2), TRA respectfully requests, given the severity of the sanction sought by Kantar, that the Court permit TRA the full page and time limits of a standard opposition under the Court's Individual Rules and the Local Rules, that is up to 25 pages and 14 days from the date of any such instruction from the Court. TRA expects such an opposition would demonstrate at least the following:

- TRA has not violated any Court Order.
- Mr. Chopra is qualified to provide lay witness testimony concerning TRA's damages.
- TRA's damages case is based on various facts that were incorporated into the Federal Circuit's opinion, including the four key valuation data points. That leaves only the questions of how much TRA's value would have continued to increase but for Kantar's wrongful acts and what percentage of TRA's diminution of value was the result of those acts. Those are quintessential jury questions.
- Many of Kantar's arguments are barred by law of the case doctrine in view of the Federal Circuit's holding that TRA is entitled to a jury determination as to the loss of valuation.
- Kantar's case law is distinguishable and does not stand for the propositions asserted.
- Even if the Court were to find a defect in TRA's supplementation, the draconian sanction requested by Kantar is unwarranted, especially because much lesser remedies exist.
- Kantar's letter, which evidently was on behalf of only two of the six counter-defendants, does not impact TRA's claims against the parties not challenging TRA's damages.

Whereas no sanctions of any kind are merited against TRA, sanctions should be awarded against Kantar for blatantly flouting this Court's rules. The reasonable inference to be drawn from Kantar's unauthorized actions is that Kantar has taken its procedural "short cuts" intentionally because Kantar is rushing to get a ruling from this Court before Your Honor steps down at the end of this month. If the Court is going to entertain a request by Kantar for a sanctions Order, Kantar must do so via a properly noticed motion to which TRA has proper time and briefing to respond.

Finally, TRA renews its request that the Court order Kantar to pay TRA's fees as required by Rule 37. TRA respectfully requests that this letter be considered by the new judge who will be presiding over this case once it is reassigned.

Respectfully Submitted,
/s/ Perry M. Goldberg
Perry M. Goldberg

Hon. Shira A. Scheindlin
Page 4

cc:     Kantar's counsel (via email)